In re JIM BECK, INC., Debtor.

John W. OWNBY, Appellant,

v.

JIM BECK, INC., Appellee.

Civil Action No. 97–0059–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Nov. 21, 1997.

Gregory Minor Johnson, Charlottesville, VA, for appellant.

William Stephen Scott, Gilliam, Scott & Kroner, P.C., Charlottesville, VA, for appellee.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

This bankruptcy appeal is before the court pursuant to 28 U.S.C. § 158(a). The case presents the issues: (1) whether the appellee's Chapter 11 Amended Plan of Reorganization ("Plan") pursuant to 11 U.S.C. § 1129(b) unfairly discriminates between the two equity holders of the Debtor, Jim Beck, Inc., and (2) whether the appellant's opposition to the Plan on the ground that the Plan allegedly was not approved by the Debtor's Board of Directors ("Board") is well-taken.

For the reasons stated below, the bankruptcy court did not err in determining that the Plan's treatment of the two equity interest holders did not constitute unfair discrimination nor did it err in holding that the appellant was barred from moving to dismiss the bankruptcy case. Accordingly, the bankruptcy court's May 6, 1997 Order overruling the appellant's objections to the Plan's confirmation shall be affirmed.[1]

### I.

In an appeal from the bankruptcy court, this court reviews issues of fact by the clearly erroneous standard of review and issues of law by the *de novo* standard of review. Fed. R. Bankr.P. 8013.

### II.

On March 19, 1996, the Debtor, Jim Beck, Inc., filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code. At the time, the Debtor's stock was owned equally by the appellant, John W. Ownby, Jr. ("Ownby"), and by J. Guy Cohen ("Cohen"), each of whom were placed in a separate class in the Debtor's proposed Plan.

The Plan, as approved by the bankruptcy court, called for Mr. Ownby to redeem his stock in the Debtor for the sum of $100.00, payable in cash upon confirmation of the Plan. After payment of the redeemed value of the stock, Mr. Ownby would have no further equity interest in Jim Beck, Inc. The Plan stated that the value of the equity interest held by Mr. Ownby, as determined by an appraisal obtained pursuant to a stockholders' agreement, was $0.00. Mr. Ownby objected to the Plan's confirmation on the basis that the Plan's assertedly disparate treatment of the two equity interest holders unfairly discriminated against him and in favor of Mr. Cohen.[2] Mr. Cohen, the president and sole manager of the debtor, would retain his equity interest in Jim Beck, Inc. under the Plan.

With respect to certain of the bankruptcy court's factual findings, the court did not clearly err in concluding that Mr. Cohen—alone among the two equity holders—worked to reorganize the Debtor such that, under the Plan, the Debtor's secured creditors will realize forty percent of their claims, for example. As well, the court did not clearly err in

---

1. The bankruptcy court denied confirmation of the Plan on other grounds. The court, however, granted the debtor twenty days to amend the Plan which the Debtor when it filed its Third Amendment to Plan of Reorganization which was confirmed by the bankruptcy court on June 17, 1997. The appellant appeals from the May 6, 1997 Order.

2. Arguably, the fact that the appraisal, conducted pursuant to the stockholders' agreement binding on the parties, found that the shares of Jim Beck, Inc. stock were worth nothing indicates that Messrs. Ownby and Cohen were not treated disparately at all under the Plan. While Mr. Ownby would redeem his stock for $100.00 and be left with no equity in the Debtor, Mr. Cohen would retain his equity, but in a valueless corporation. Indeed, if anything, Mr. Ownby gets the better end of the deal; the $100.00 hard currency in hand would tend to discriminate in favor of him, and against Mr. Cohen, at least by empirical analysis. Because, however, the bankruptcy court examined the Plan's allegedly "unfair" discrimination after finding facial discrimination as between the equity interest holders in the Debtor, this court will proceed to a review, *infra*, of that court's legal conclusions relevant to that issue.

finding that Mr. Ownby, perhaps because he is presently incarcerated, "has not shown one bit of concern for [the] reorganization of the Debtor or payment of its creditors." *In Re Jim Beck, Inc.,* 207 B.R. 1010, 1016 (1997). Finally, the court did not clearly err in determining that because of ongoing animosity between Messrs. Ownby and Cohen:

> while it may be that a plan could be confirmed without the discrimination, this court finds that it would be difficult, if not impossible, to consummate a plan without the discrimination because there is no reason to believe that the preconfirmation disputes between Ownby and Cohen would not continue post-confirmation to the detriment of the business operation.

*Id.*

■ With respect to its legal conclusions, the bankruptcy court, similarly, did not err in determining that the Plan met the necessary requirements for court approval under 11 U.S.C. § 1129(b)(1).[3] Under that provision, a court shall confirm a reorganization plan if "the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b)(1). Self-evidently, the applicable distinction is not whether, within the classes of equity interest holders of the Debtor, there exists discrimination, but whether any such discrimination is "unfair." *See In Re Aztec Co.,* 107 B.R. 585, 590 (Bankr. M.D.Tenn.1989).

■ The court below correctly applied the four-part test which gauges "unfairness," *to wit:* (1) whether there is a reasonable basis for the discrimination; (2) whether the plan can be confirmed and consummated without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) the treatment of the classes discriminated against. *Id.; see also, In Re 203 North LaSalle Street Limited Partnership,* 190 B.R. 567, 585–86 (Bankr.N.D.Ill.1995) (distilling the "unfairness test" into two elements,

---

**3.** Title 11, United States Code, Section 1129(a)(8) ordinarily requires that all classes of claims or interests either accept a reorganization plan or be "unimpaired," as defined in 11 U.S.C. § 1124, in order for a proposed plan to be approved.

*to wit:* (1) whether the discrimination has a reasonable basis; and (2) whether the discrimination is necessary for reorganization.).

The bankruptcy court did not err in applying the above "unfairness" elements to the facts at hand and finding that:

> ... Mr. Cohen has been the sole driving force for reorganization of the Debtor.
>
> If the Debtor does achieve a confirmed plan and successfully reorganizes, it will be due to Mr. Cohen's efforts. Therefore, there is a rational basis for the Debtor's proposed discrimination between Class 9 and Class 10 [equity interest holders].

*In Re Jim Beck, Inc., supra,* at 1016.

Because the bankruptcy court found that a reasonable basis accounted for the differential treatment of Messrs. Ownby and Cohen under the Plan and because such differential treatment was deemed by the bankruptcy court to be necessary for reorganization, the Plan, even with the discrimination between certain classes, cannot be said to be unfair.

### III.

■ Mr. Ownby next objects to the bankruptcy court's confirmation of the Plan for the asserted reason that the Debtor's Board of Directors never approved the Plan and because Mr. Cohen submitted the Plan on behalf of the corporation when he was not authorized by the Debtor to do so.

As to the latter objection, on March 18, 1996 the Debtor's Board unanimously and expressly conferred upon Mr. Cohen, as president of Jim Beck, Inc., authorization

> to act on behalf of the Corporation in the chapter 11 bankruptcy proceeding to be filed by it and ... [to] execute such documents and pleadings on behalf of the Corporation as may be required to institute said bankruptcy proceeding and carry out the requirements of the bankruptcy proceeding *as it matures.*

Appeal Index ("AI"), Vol. 1 at 8 (emphasis added).

---

Section 1129(b)(1), if its conditions are met, however, serves as an exception to the requirement that all classes accept a proposed reorganization plan.

Certainly, the bankruptcy maturation process fairly may be construed to encompass the filing of a reorganization plan; thus, Mr. Cohen would have had the Board's express authority to file the Plan on behalf of the Debtor. Moreover, after Mr. Ownby's August 31, 1995 resignation as an officer and director of Jim Beck, Inc., Mr. Cohen served as the president of the Debtor. Therefore, even if he lacked express authority to file the Plan *per se,* Mr. Cohen acted with the implied authority (at least) of the Debtor's Board when he, as *president,* executed documents relevant to the ongoing bankruptcy proceedings. The Plan, simply, constituted one such document.

Finally, Mr. Ownby objects that, again because the board allegedly never approved the Plan, the bankruptcy court erred on January 29, 1997 when it denied his November 4, 1996 motion to dismiss the bankruptcy case. The bankruptcy court, however, did not err in concluding that Mr. Ownby was barred from moving for dismissal considering that he waited some seven months after the Plan was filed to raise the issue. Likewise, the bankruptcy court did not err in holding that dismissal of the case would result in injustice to the Debtor's creditors, whose interests are paramount in this, as in any other, Chapter 11 proceeding.

For the reasons stated herein, the bankruptcy court's May 6, 1997 confirmation of the Debtor's Plan of Reorganization under Chapter 11 shall be affirmed.